UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA A. NEWMAN,

        Plaintiff,        CIVIL ACTION NO. 11-cv-14365

    vs.

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
PETITION FOR ATTORNEY'S FEES DOCKET NUMBER [22]**

Before the Court is Plaintiff Christina Newman's Petition for Approval of Section 406b Attorney Fees. (Docket no. 22.) Defendant has not filed a Response. With consent of the Parties, this case has been referred to the undersigned for final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket no. 15.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this Opinion and Order pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    PROCEDURAL HISTORY:**

Plaintiff filed an application for Disability Insurance Benefits and an application for Supplemental Social Security Income with protective filing dates of July 2, 2008, alleging that she had been disabled since February 26, 2008, due to chronic back problems caused by a work-related injury. (TR 105-110.) The Social Security Administration denied benefits. (TR 46, 50.) Plaintiff requested a *de novo* hearing, which was held on March 3, 2010, before Administrative Law Judge (ALJ) Oksana Xenos, who subsequently found that Plaintiff was not entitled to benefits because she

was capable of performing a significant number of jobs in the national economy. (TR 24-25.) The Appeals Council declined to review the ALJ's decision (TR 1), and Plaintiff commenced the instant action for judicial review. Plaintiff and Defendant each filed their Motions for Summary Judgment. (Docket nos. 9 and 11.)

On March 6, 2013, the Court entered and Order granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment. (Docket no. 16.) The Court then entered Judgment in favor of Plaintiff and remanded this matter for further proceedings under 42 U.S.C. § 405(g). (Docket no. 17.) On May 13, 2013, Plaintiff filed a Petition for Attorney's Fees under the Equal Access to Justice Act (EAJA). (Docket no. 19.) Defendant stipulated to, and the Court awarded, fees in the amount of $4,600. (Docket no. 20.)

On September 13, 2013, at the request of the Parties, the Court entered an Amended Judgment clarifying that this matter was to be remanded to the Commissioner under Section 405(g) for "a determination and payment of benefits." (Docket no. 21.) The Commissioner awarded Plaintiff $35,776.28 in past-due benefits and withheld $8,944.07 for attorney's fees.[1] (*See* docket no. 22 at 2; docket no. 22-1.) Plaintiff now seeks an award of attorneys fees in the amount of $8,944.07 pursuant to a 25% contingency-fee agreement between Plaintiff and her attorney.

## II.   LAW AND ANALYSIS

"Attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Sec'ty of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). "[E]ach tribunal may award fees only for the

---

[1] The Commissioner withheld $5,386.50 from Plaintiff's past-due disability insurance benefits and $3,557.57 from Plaintiff's SSI benefits.

2

work done before it. . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee–limited to 25 percent of past-due benefits–for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id.*

On April 22, 2010, Plaintiff entered into a contingency fee agreement with her attorney, Kenneth F. Laritz, for his representation in this Court. The fee agreement states that "[i]f benefits are awarded by the . . . Federal Court . . . , the attorney fee shall be 25% of the total accrued benefits payable to the claimant and any auxiliaries, subject to approval of the Court." (Docket no. 22-2 at 1.) The agreement further notes that "[i]f attorney fees are granted pursuant to the [EAJA], for services performed at the U.S. District Court level, [Plaintiff] specifically assigns the EAJA fee to [Laritz], subject to the offset of the smaller of the two fees." (*Id.*)

The Supreme Court has clearly upheld contingent fees in this situation, holding that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). The Court may consider the reasonableness of the fee pursuant to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). In *Rodriquez*, the Sixth Circuit held that the Court should "begin by using twenty-five percent of the past due benefits as a benchmark. . . . [T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Id* at 746. Next, that Court should "look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties." *Id.* "The court should give close attention

3

to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.* The *Rodriquez* court held that deductions for section 406(b) requests should generally fall into two categories. *See id.* First, "those occasioned by improper conduct or ineffectiveness of counsel" and second, "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Royzer v. Sec'ty of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (applying *Rodriquez).*

The Court finds first, that counsel was not ineffective in this matter; to the contrary, Plaintiff's counsel secured her award of benefits. Second, the Court finds that such a windfall would not occur in this matter if Plaintiff's counsel were awarded his requested fees. Plaintiff's counsel has provided a detailed accounting of the time he spent on this matter, which does not appear unreasonable. (*See* docket no. 22 at 2-7.) In total, Plaintiff's counsel appears to have spent approximately 32.4 hours on this matter at the District Court level. (*Id.* at 7.) Plaintiff's counsel also indicates that his standard hourly rate is $325.00 per hour, which would equate to a fee of $10,530.00 if Plaintiff were charged an hourly rate. Thus, an award of $8,944.07 can hardly be considered a windfall for Plaintiff's counsel. *Accord. Young. v. Astrue*, No. 06-11821, 2012 WL 3816519, *2-3 (E.D. Mich., June 27, 2012) (Whalen, M.J.) (recommending that attorney Laritz be awarded a 25% contingency fee). Therefore, the Court will award Plaintiff's attorney fees in the amount of $8,944.07.

Plaintiff has already been awarded attorney fees pursuant to the EAJA. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both

prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796.  Petitioner was previously awarded $4,600.00 under the EAJA for representing Plaintiff in the same court proceedings.  Therefore, the Court will order that Plaintiff's counsel's award be offset by the lesser of the two awards: $4,600.00.

Accordingly, **IT IS ORDERED**, that Plaintiff's Petition for Attorney's Fees is **GRANTED**, and Plaintiff's counsel is awarded attorneys fees in the amount of $8,944.07, with a credit given in the amount of $4,600.00 for fees previously paid to counsel under the EAJA, resulting in a net award of $4,344.07.  Defendant is, therefore, ordered to pay Plaintiff's counsel, Kenneth F. Laritz, $4,344.07 out of the $8,944.07 that was withheld from Plaintiff's past-due benefits.  Defendant is further ordered to release the remaining $4,600.00 to Plaintiff.


Dated:  March 19, 2014          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March _19, 2014          s/ Lisa C. Bartlett
                                Case Manager